UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SCOTT A. LANE** | : | **CIVIL ACTION NO. 2:15-cv-103** |
| **FED. REG. # 43127-039** | | **SECTION P** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **CHARLES SONNIER, ET AL** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Scott A. Lane (hereinafter "Lane"). Lane is in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Lane claims that he is being denied adequate medical care. He alleges that he was diagnosed with a large, impassable kidney stone on August 9, 2014. Doc. 1, att. 2, p. 1. Lane contends that the defendants have delayed surgery for the kidney stone and failed to administer some medications to him. *Id.* He alleges that the defendants' actions are a result of administrative grievances that he has filed regarding the delayed medical care. *Id.* at 1-2.

## II.
### LAW AND ANALYSIS

At the onset, this court is called upon to determine whether to treat the above claims as a petition for *habeas corpus* as Lane advances, or as a civil rights complaint under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  In general, a civil rights suit is the appropriate procedure by which to contest unconstitutional conditions of confinement and prison procedures, while a *habeas* petition is properly used to seek release from custody.  See *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).  The Fifth Circuit has adopted a simple, bright-line rule for determining how to categorize such *pro se* pleadings, namely, if "a favorable determination ... would not automatically entitle [the prisoner] to accelerated release," the proper vehicle is a civil rights suit. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

Based upon a review of the pleadings herein, it is clear that Lane has asserted a civil rights claim. Specifically, his civil rights claims do not implicate the overall length of his confinement but rather the rules, customs, and procedures affecting his confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987).  Lane is not challenging his conviction or asserting that he should not be in custody.  Thus, he has failed to state a claim for which relief can be granted and this matter should be dismissed.

Lane may attempt to file a civil rights complaint, paying the filing fee or seeking leave to proceed *in forma pauperis*.

Accordingly,

---

[1] *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right. *See Broadway v. Block*, 694 F.2d 979, 981 (5th Cir.1982)(actions of federal officials taken under color of federal law cannot form the basis of a suit under §1983).

**IT IS RECOMMENDED THAT** this petition for writ of *habeas corpus* that constitutes civil rights claims as described herein be **DENIED AND DISMISSED WITHOUT PREJUDICE** to Lane's ability to pursue such claims by filing the appropriate action.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 22nd day of September, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE